IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY K. SMITH, JR., | 1:03-cv-05651 TAG HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER; ORDER DIRECTING PETITIONER TO FILE A RESPONSE WITHIN TWENTY DAYS  (Doc.1) |
| vs. | |
| MATTHEW C. KRAMER. | |
| Respondent. | |
| _____/ | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 21, 2007, the Court issued an order reassigning the case from District Judge Oliver W. Wanger to District Judge Lawrence J. O'Neill.  (Doc. 12).  On March 1, 2007, the notice was returned to the Court as "undeliverable" and "unable to forward."  (Doc. 14).

Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court."  District courts have the inherent power to control their dockets and in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for lack of prosecution and failure to comply with local rules).

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a Petitioner <u>in propria persona</u> by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since Petitioner's mail was returned, and he has not notified the Court of his current address.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. <u>Henderson</u>, 779 F.2d at 1423; <u>Carey</u>, 856 F.2d at 1440-1441. The new case documents routinely sent by the Court to each new petitioner advised Petitioner that he had an ongoing obligation to keep the Court informed of his current address and that service to the last known address would be deemed sufficient. Thus, Petitioner was cautioned that he risked violating the Court's orders and incurring sanctions should he fail to keep the Court advised of his current address.

## ORDER TO SHOW CAUSE

Accordingly, Petitioner is ORDERED TO SHOW CAUSE in writing within twenty (20) days of the date of service of this Order why the Petition should not be DISMISSED for Petitioner's failure to prosecute.

IT IS SO ORDERED.

Dated: **May 29, 2007**                              **/s/ Theresa A. Goldner**
                                                                        UNITED STATES MAGISTRATE JUDGE