IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY K. SMITH, JR., | 1:03-cv-05651-TAG-HC |
| Petitioner, | |
| vs. | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO COMPLY WITH THE COURT'S ORDER (Doc. 1) |
| MATTHEW C. KRAMER, | |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT |
| / | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 21, 2007, the Court issued an order reassigning the case. (Doc. 12). On March 1, 2007, the notice was returned to the Court as "undeliverable" and "unable to forward." (Doc. 14). On May 29, 2007, the Court issued an Order to Show Cause, requiring Petitioner to show cause within twenty days why the petition should not be dismissed for his failure to follow the Court's order to keep the Court apprised of his current address. (Doc. 16). More than twenty days has elapsed and Petitioner has not responded. Indeed, the Court's order was returned as undeliverable with an indication, "unable to forward." (Doc. 17).

Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

1

failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for lack of prosecution and failure to comply with local rules).

Pursuant to Local Rule 83-183(b), a party appearing in propria personal is required to keep the Court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a Petitioner in propria persona by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since Petitioner's original mail was returned, and he has not notified the Court of his current address.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson, 779 F.2d at 1423; Carey, 856 F.2d at 1440-1441.  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since May 21, 2003.  The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a

Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424. The new case documents routinely sent by the Court to each new petitioner advised Petitioner that he had an ongoing obligation to keep the Court informed of his current address and that service to the last known address would be deemed sufficient. Moreover, the May 29, 2007 Order to Show Cause expressly advised Petitioner that he risked dismissal if he did not provide a timely response. Thus, Petitioner had adequate warning that he risked violating the Court's order and incurring sanctions, including dismissal, should he fail to keep the Court advised of his current address.

## ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1. The instant petition for writ of habeas corpus (Doc. 1), is DISMISSED; and,

2. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **July 9, 2007**                                         **/s/ Theresa A. Goldner**
                                                                                     UNITED STATES MAGISTRATE JUDGE

3